## Commonwealth v. Harman

*William L. Showers,* district attorney, for Commonwealth.

*Miller Alanson Johnson,* for defendant.

LESHER, P. J., September 9, 1936.—Harry Harman, the defendant in this case, was arrested and committed to the county jail of Union County on an information before A. Paul Kline, one of the justices of the peace in and for Union County, charging that the defendant did, on March 28, 1936, in said Union County, have illicit intercourse with Helen Boyd, a female of the age of 21 years and upwards, and that she is pregnant and about to become the mother of a bastard child, and that the said defendant, Harry Harman, is the father of the said child.

On September 4, 1936, the defendant secured a writ of habeas corpus, returnable September 5, 1936, at 10:30 a.m.

At the hearing held on the said writ of habeas corpus, the testimony of the prosecutrix, Helen Boyd, was to the effect that the intercourse took place, not as charged, in Union County, but in Snyder County.

The defendant took the position that, the illicit intercourse having taken place in Snyder County and the child not yet having been born, Union County does not have jurisdiction over the defendant, and the place of birth of the child would determine the jurisdiction on a bastardy charge.

The Act of March 31, 1860, P. L. 382, sec. 38, provides: "If a bastard child is begotten . . . within one of the counties of this State, and born in another, in the latter case, the prosecution of the reputed father shall be in the county where the bastard child shall be born, and the like sentence shall be passed as if the bastard child had been or shall have been begotten within the same county".

The testimony in this case shows that the child was begotten in Snyder County, and has not yet been born. The only county which has jurisdiction over the defendant at this time is Snyder County, on a charge of fornication. According to the act of assembly, the birth of the child determines the place of prosecution of the defendant on a bastardy charge.

The fact that the prosecutrix happens to be now residing in Union County, and the possibility of the child being born in that county, does not give Union County jurisdiction, for the child may be born in any of the other counties in Pennsylvania, and, as we said before, the county of birth of the child will then have jurisdiction for the trial of the defendant on a bastardy charge.

It, therefore, appearing to the court that Union County is without jurisdiction over the defendant, the defendant must, therefore, be discharged.

And now, September 9, 1936, the above-named defendant, Harry Harman, is discharged from the Union County jail.